# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

In Re: the ESTATE OF ROBERT JOSEPH )
BREEDING, Deceased, LESLIE )
BREEDING, natural and biological mother )
of Decedent. )
                                            ) Case No. 4:15-cv-00539
       Plaintiff, )
                                            ) Jury Trial Demanded
v. )
                                            )
ST. CHARLES COUNTY, MISSOURI, )
 And )

LARRY CRAWFORD, *in his individual* )
*capacity and official capacity as* the Director )
of the St. Charles County Department of )
Corrections*,* )

And )

NURSE THERESA, *in herindividual* )
*capacity and as a nurse for* the St. Charles )
County Department of Corrections, )

And )

NURSE DEBBIE ECHELES, *in her* )
*individual capacity and as a nurse for* the )
St. Charles County Department of )
Corrections, )

And )

NURSE AMY BURKY, *in her individual* )
*capacity and as a nurse for* the St. Charles )
County Department of Corrections, )

And )

| | |
|---|---|
| NURSE JAHNCKE, *in her individual Capacity and as a nurse for* the St. Charles County Department of Corrections, | ) ) ) ) ) |
| and | ) ) |
| NURSE GELAINE REYNOLDS *in her individual capacity and as a nurse for* the St. Charles County Department of Corrections. | ) ) ) ) ) ) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff ROBERT BREEDING (hereinafter "Plaintiff"), by and through his attorney, and for his Complaint against the above listed Defendants respectfully states to this Honorable Court the following:

1. That at all times relevant, Plaintiff/Decedent Robert Breeding was an individual and an inmate at the St. Charles County Department of Corrections.

2. Plaintiff Leslie Breeding is the natural mother of Plaintiff/Decedent and resides in St. Peters, Missouri in St. Charles County Missouri.

3. That all of Plaintiff/Decedents heirs have been notified of this action.

4. This is a civil action arising under 42 U.S.C. § 1983 and § 1985 for violations of Mr. Breeding's Constitutional rights under the 8th and 14th Amendments, as well as common law claims for assault, battery, wrongful death, medical negligence, outrage and negligent and intentional infliction of emotional distress.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and the Federal

2

Rules of Civil Procedure.

## VENUE

6. Venue is proper under 28 U.S.C. § 1391(b). All parties are residents of the State of Missouri, Plaintiffs are residents of St. Charles County Missouri, and all actions or inactions alleged took place in St. Charles County Missouri.

## COLOR OF STATE LAW

7. At all relevant times, all Defendants acted under color of state law.

8. Particularly, Defendants acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

## FACTUAL BACKGROUND

9. On or about 08/30/2013 Plaintiff was an inmate housed in Unit X of the SCCDOC located at 301 North Second Street, St. Charles, MO 63301.

22. Plaintiff was suffering from abdominal pains that had been occurring for nearly 5 days.

23. That throughout Plaintiff's incarceration numerous SCCDOC guards and nurses had witnessed the medical issues.

24. That at no time was a doctor called to diagnose the condition Plaintiff was suffering.

25. That at no time was Plaintiff taken to the nearby hospital for diagnosis or treatment.

26. That Plaintiff was suffering with a perforated peptic ulcer that ultimately, on August 30th, 2013, resulted in his death.

## COUNT I
## MEDICAL NEGLIGENCE/WRONGFUL DEATH

27. Plaintiffs adopt and incorporate herein by reference, each and every allegation

3

contained in paragraphs one through twenty-six as if more fully laid out herein.

28. That at the time of his death on August 30th, 2013, Plaintiff Robert Breeding was 31 years old.  He was born on 02/27/1982.

29. That Plaintiff Robert Breeding was received by St. Charles County on August 25th, 2013.

30. That during his five-day stay incarcerated at St. Charles County Department of Corrections Plaintiff Robert Breeding made countless complaints to guards, nurses, inmates, staff, and family about his abdominal pain.

31. That these ongoing and worsening complaints were ignored and Defendants failed to refer Mr. Breeding to either a doctor or hospital's care.

32. That Defendants failed to ignore Mr. Breeding's request for medical attention and his repeated indication that this was a medical emergency.

33. On August 30th, 2013 Mr. Breeding was found dead in his bunk.

34. That day an autopsy was performed by Mary Case, St. Louis County's medical examiner, and it was determined that the cause of death was from a perforated peptic ulcer.

35. That Defendants were negligent in the care and treatment of Robert Breeding, they failed to use the degree of skill and learning ordinarily used under the same and similar circumstances by the members of their profession.

36. That Defendants were acting as agent/employee of St. Charles County and as such St. Charles County is vicariously liable for their negligence.

37. As a direct and proximate result of the negligence of Defendants, Robert Breeding sustained damages in the form conscious pain, suffering, inconvenience, mental

4

anguish, lost chance of recovery, and lost chance of survival, and death. The damages include pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of income, services, companionship, comfort, instruction, guidance, counsel, training and support which decedent would have provided to the surviving heirs. Section 537.090, RSMo provides that the surviving plaintiffs may recover what the decedent might have recovered had death not ensued.

38. The actions and omissions of the defendants were outrageous because they showed a reckless disregard and callous indifference to the safety of Robert Breeding. Therefore, plaintiffs are further entitled to an award of damages because of aggravating circumstances.

39. The aggravating circumstances which caused or contributed to the failure to provide adequate health care to the decedent were that:

 (a) Defendants actually knew of the plaintiffs' complaints and that he continued to complain of stomach pain for days before his death.

(b) Defendants had actual knowledge of the grave nature decedent's medical condition days before his death..

(c) Other acts of aggravating circumstances to be determined by way of discovery.

WHEREFORE, in this, Count I of Plaintiffs' Petition, plaintiffs pray that the Court enter an Order in  favor plaintiffs and against defendants on all issues, and further award such actual and exemplary damages and damages because of aggravating circumstances as are just and proper under all the circumstances.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983 AND EIGHTH AMENDMENT**
**FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES**
**AND ATTORNEY'S FEES**

40. Plaintiffs adopt and incorporate herein by reference, each and every allegation contained in paragraphs one through thirty-nine as if more fully laid out herein.

41. Defendants subjected Plaintiff to cruel and unusual punishment by not properly diagnosing his condition.

42. Defendants subjected Plaintiff to cruel and unusual punishment by failing to allow Plaintiff access to a doctor.

43. Defendants subjected Plaintiff to cruel and unusual punishment by allowing Plaintiff to suffer with an ulcer for several days without access to the hospital

44. Defendants subjected Plaintiff to cruel and unusual punishment by allowing Plaintiff to suffer with an ulcer that ultimately perforated and caused his death.

45. Defendants knew, or should have known, that Plaintiff was suffering from a condition that posed a substantial risk of serious harm.

46. Defendants, knowing the potential for risk of serious harm or death to Plaintiff, disregarded it.

47. The conduct of Defendants deprived Plaintiff of his Constitutional Rights as follows:
    (a)   The right to be free from bodily injury;
    (b)   The right to medical care;
    (c)   The right to be free from cruel and unusual punishment; and
    (d)   The right to be secure in his person.

48. Defendants' respective deprivation of Plaintiff's constitutional rights directly caused Plaintiff's death.

### Compensatory Damages

49. Under 42 U.S.C. § 1983 Plaintiff's estate and heirs are entitled to an award of compensatory damages against the named defendants.

### Punitive Damages

50. Defendants respective actions against Plaintiff were:

    a.  Reckless;

    b.  Showed callous indifference toward the rights and health of Plaintiff; and

    c.  Were taken in the face of a perceived health risk and that the actions would violate federal law.

51. Plaintiff is entitled to an award of punitive damages against Defendants in order to punish them and to deter others.

### Attorney's Fees

52. Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. §§ 1983 and 1988 against Defendants for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

### COUNT III
### VIOLATION OF CIVIL RIGHTS
### 42 U.S.C. § 1983, EIGHTH AMENDMENT AND FOURTEENTH AMENDMENT
### AGAINST DEFENDANT ST. CHARLES COUNTY, MISSOURI
### FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

53. Plaintiffs adopt and incorporate herein by reference, each and every allegation

contained in paragraphs one through thirty-nine as if more fully laid out herein.

**Compensatory Damages**

**1st Alternative Basis of Municipal Liability**

**Delegation to Defendants**

54. As the first alternate basis for liability against Defendant St. Charles County, the policy maker for Defendant St. Charles County is an aldermanic board, the mayor, or someone else, and that person delegated full authority and/or empowered Defendants to make policy.

55. That delegation of authority by the actual policy maker of Defendant St. Charles County placed Defendants in a policy making position, and the acts of Defendants may fairly be said to be those of the municipality[1].

56. Those acts therefore subject Defendant St. Charles County to liability for the constitutional violations committed by Defendants[2].

**2nd Alternative Basis of Municipal Liability – Failure to Train, Supervise, Control**

57. As the second alternative basis for liability against Defendant St. Charles County, Defendant St. Charles County failed to properly hire, train, supervise, control and/or discipline Defendans.  Defendant St. Charles County was thus deliberately indifferent to the rights of others in adopting its hiring and training practices, and in failing to supervise, control and/or discipline Defendansts, such that those failures reflected a deliberate or conscious choice by Defendant St. Charles County[3].

58. Those deficiencies caused Plaintiff damages[4].

59. In light of the fact that it was Defendants who engaged in the constitutional

---

[1] Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 404 (1997).
[2] Id. at 413, *and see* Kujawski v. Board of Com'rs of Bartholomew County, Ind., 183 F.3d 734, 737 (7th Cir. 1999).
[3] City of Canton v. Harris, 489 U.S. 378, 389 (1989).
[4] Larson By Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996).

violations, the need to correct deficiencies is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of St. Charles County can reasonably be said to have been deliberately indifferent to the need[5].

60. If Defendant St. Charles County had properly hired, trained, supervised, controlled and/or disciplined Defendants, the constitutional violations committed by Defendants would not have occurred.

61. These failures by Defendant St. Charles County to hire, train, supervise, control and/or discipline Defendants subject Defendant St. Charles County to liability for the constitutional violations committed by Defendants.

**3rd Alternative Basis of Municipal Liability – Pattern of Transgressions**

62. As the third alternative basis for liability against Defendant St. Charles County, the acts of Defendants were part of a pattern of transgressions, of which Defendant St. Charles County knew or should have known. The failure of Defendant St. Charles County to act proactively to prevent such a pattern of transgressions, and particularly to prevent the constitutional violations outlined herein, establishes the policy of Defendant St. Charles County to condone or otherwise tolerate such constitutional violations.

63. Defendant St. Charles County thus had a "policy or custom" of failing to act upon prior similar complaints of unconstitutional conduct, of which they knew or should have known, which caused the constitutional injuries at issue. There was a prior pattern of unconstitutional conduct so "persistent and widespread" as to have the effect and force of law[6].

---

[5] Andrews v. Fowler, 98 F.3d 1069, 1076 (8th Cir. 1996).
[6] Andrews v. Fowler, 98 F.3d 1069, 1074-75 (8th Cir. 1996), *citing* Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978).

64. Defendant St. Charles County's failure amounted to deliberate indifference to the rights persons with whom Defendants came in contact, particularly including Plaintiff.

65. Those failures by Defendant St. Charles County to act proactively to prevent these constitutional violations subject Defendant St. Charles County to liability for the constitutional violations committed by Defendants.

### Waiver of Sovereign Immunity

66. Upon information and belief, at the relevant time, Defendant St. Charles County had purchased and had in effect a policy of insurance to insure itself against claims or causes of action for damages caused by city employees engaged in government functions, including torts as described herein.

67. The purchase of that insurance constitutes a waiver of sovereign immunity by Defendant St. Charles County[7].

### Compensatory Damages

68. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant St. Charles County.

### Attorney's Fees

69. Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. §§ 1983 and 1988 against Defendant St. Charles County for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just

---

[7] RSMo. 71.180 and/or 537.610.

under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

<u>**COUNT IV**</u>
<u>**VIOLATION OF CIVIL RIGHTS**</u>
<u>**42 U.S.C. § 1983, *RESPONDEAT SUPERIOR***</u>
<u>**AGAINST DEFENDANT ST. CHARLES COUNTY, MISSOURI**</u>
<u>**FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES**</u>

70. Plaintiffs adopt and incorporate herein by reference, each and every allegation contained in paragraphs one through sixty-nine as if more fully laid out herein.

71. At all relevant times Defendant Crawford was:

    a.   Serving as an employee of Defendant St. Charles County as Director of the SCCDOC;

    b.   Engaging in a government function; and

    c.   Acting within the course and scope of that employment.

72. At all relevant times Defendant "nurse Theresa" was:

    a.   Serving as an employee of Defendant St. Charles County as a nurse with the SCCDOC;

    b.   Engaging in a government function; and

    c.   Acting within the course and scope of that employment.

73. At all relevant times Defendant Echeles was:

    a.   Serving as an employee of Defendant St. Charles County as a nurse with the SCCDOC;

    b.   Engaging in a government function; and

    c.   Acting within the course and scope of that employment.

74. At all relevant times Defendant Burky was:

    a.   Serving as an employee of Defendant St. Charles County as a nurse with the SCCDOC;

    b.    Engaging in a government function; and

    c.    Acting within the course and scope of that employment.

75. At all relevant times Defendant Jahncke was:

    a.    Serving as an employee of Defendant St. Charles County as a nurse with the SCCDOC;

    b.    Engaging in a government function; and

    c.    Acting within the course and scope of that employment.

76. At all relevant times Defendant Reynolds was:

    a.    Serving as an employee of Defendant St. Charles County as a nurse with the SCCDOC;

    b.    Engaging in a government function; and

    c.    Acting within the course and scope of that employment.

77. Defendant St. Charles County is liable under a theory of *respondeat superior*[8].

78. The actions of Defendants caused Plaintiff to suffer the damages outlined herein.

## Compensatory Damages

79. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant St. Charles County.

## Attorney's Fees

80. Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then Plaintiff will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. §§ 1983 and 1988 against Defendant St. Charles County for compensatory damages in a fair and reasonable amount, for

---

[8] Plaintiff makes this claim based on the dissent of Justice Breyer in Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 416 (1997).

reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

Respectfully submitted,

THE SCHLUETER LAW FIRM, P.C.

BY: s/*Michael J. Schlueter*
    Michael J. Schlueter #49373MO
    1108 Olive Street – 4th Floor
    St. Louis, MO 63101
    (314) 227-2425
    (314) 677-3350 facsimile
    mike@schlueterlaw.com

AND

BROWN & CROUPPEN

BY: s/*Andrea McNairy*
    Andrea McNairy, #58558MO
    211 N Broadway – Suite 1600
    St. Louis, MO 63102
    (314) 222-2222
    (314) 480-7296 facsimile
    andream@getbc.com